Thomas Russsell Jones, J.
In a special proceeding pursuant to article 78 of the CPLR, petitioner Roy Longarzo seeks to annul the determination of respondent Chancellor, dated March 25, 1974, which rated him “ unsatisfactory ” as a probationary teacher of social studies at Adlai Stevenson High School for the school year 1972-1973.
Petitioner contends, inter alia, that the Chancellor’s order rating him unsatisfactory should be set aside on the grounds that it was issued in violation of section 41(e) of the by-laws of the Board of Education of the City of New York, which requires that an Assistant Superintendent shall first “ inspect ” and “ examine ” a teacher’s work, and “ consult ” with him before approving a principal’s certificate of unsatisfactory service.[1]
The petitioner also claims that he was deprived of his constitutional right to legal counsel of his own choosing in the hearing before the Chancellor’s review committee on January 9, 1974[2]; that he was denied his constitutional right to confront and cross-examine witnesses against him; that he was deprived of a fair hearing and due process of law in that the unsatisfac *979 tory rating was not supported by substantial evidence; and that the determination of the respondent was arbitrary, capricious and an abuse of discretion.
The Chancellor’s order, dated March 25,1973, which dismissed petitioner’s appeal from the Assistant Superintendent’s certification of unsatisfactory service, must be annulled and vacated since it was issued in clear violation of the requirements of section 41(e) of the by-laws of the Board of Education. Acting Assistant Superintendent Bertha Gordon acknowledged at the Chancellor’s committee hearing that she failed to “ observe ” or “ inspect ” or “ consult ” with the petitioner, but nevertheless approved the principal’s unsatisfactory rating of the petitioner. The purpose of section 41(e) of the by-laws, which requires that the Assistant Superintendent shall first “ observe “ inspect ” the work of a teacher and “ consult ” with him, is to afford the teacher an opportunity to present his objections to the principal’s unsatisfactory rating and the right to be heard before that rating is approved. This regulation is designed to ensure elementary and fundamental due process. It may not be bypassed (Education Law, § 2554, subd. 13, par. [a] ; 1 N. Y. Jur., Administrative Law, § 110; cf. Brown v. Board of Educ. of City of N. Y., 42 A D 2d 702; People ex rel. Jordan v. Martin, 152 N. Y. 311; Matter of Poss v. Kern, 263 App. Div. 320). The Board of Education may not revoke or modify or condition a teacher’s license in a manner not provided in the statute or its own valid regulations.
The Chancellor’s failure to comply with the substantive regulations of the Board of Education has deprived petitioner of tenure, status and salary without due process of law in violation of the Fourteenth Amendment to the United States Constitution (cf. Perry v. Sindermann, 408 U. S. 593, 599; Board of Regents v. Roth, 408 U. S. 564; and Matter of Ryan v. Hofstra Univ., 67 Misc 2d 651). Tenure, status and wages affect liberty and are property (cf. Board of Regents v. Roth, supra). The court does not find it necessary therefore to reach or pass upon the remaining substantial issues .raised in the pleadings.

. Section 89(7) of the by-laws of the Board of Education requires a principal, “ Subject to the supervision of the A. S. * * * Within the last ten days of each school year and not fewer than four school days prior to the close thereof * * * to give each member of his staff a signed statement characterizing his work as satisfactory or unsatisfactory ”. In the cases of probationary teachers the principal’s annual rating is accomplished on a “ Form OP 11.”
Section 41 (e) of the by-laws of the Board of Education requires that the Assistant Superintendent endorse Form OP 11 after he has “ examine[d] the work of teachers * * * who [are] rated unsatisfactory during the school year immediately preceding * * ® No certification of unsatisfactory service made by assistant superintendents shall be aecepetd and filed as an official report unless supplemented by proper data showing that the said certification is based upon inspection of work during the current school year and consultation with the teacher so rated

. Section 105a of the by-laws of the Board of Education provides that a probationary teacher is entitled to a hearing before a committee designated by the Superintendent of Schools in respect to the discontinuance of service during the probationary term; to be confronted by witnesses, to call witnesses and to introduce relevant evidence, with the aid of Board of Education employee-advisoi, etc.