■ In the Matter of STEVEN KAYE, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review respondents' determination, made after a hearing, that petitioner be denied certification of completion of his service as a probationary teacher, the appeal is from a judgment of the Supreme Court,

Kings County, dated May 17, 1976, which dismissed the petition on the merits. Judgment affirmed, without costs or disbursements. At the time this proceeding was instituted, section 41 (subd 3, par [e]) of the by-laws of the Board of Education of the City of New York provided, in pertinent part: "[Assistant superintendents] shall examine the work of teachers for report as to continuance in service during probationary appointment, [and] permanent appointment at the close of the probationary period". Petitioner was neither observed nor consulted with by an assistant superintendent, apparently because the Chancellor no longer assigns assistant superintendents to elementary schools. However, petitioner was observed several times by Marie Thomas, principal of Community Elementary School No. 132, as well as once each by Dr. Milton Stier, Director of Staff Evaluation for Community District No. 9, and Harold Chapnick, an assistant principal assigned to that district. Stier and Chapnick were directed to observe petitioner by respondent Community Superintendent John S. Greene. The original recommendation that petitioner be denied certification was made by Principal Thomas. Superintendent Greene, based upon the evaluations by Thomas, Stier and Chapnick, concurred. Petitioner was then given a hearing before the Chancellor's review committee. That committee recommended to the respondent Chancellor that he approve the recommendations of Thomas and Greene, which he did. Accordingly, petitioner was denied certification of his probationary period, and his services were terminated. Petitioner argues that such action was improper because Superintendent Greene failed to observe and consult with him personally. We disagree. There is no authority, either in the Education Law or in the by-laws of the board of education, for the proposition that a community superintendent must personally observe and consult with a probationary teacher before recommending denial of certification. In the light of the Chancellor's decision to assign assistant superintendents only at the high school level, it was apparent that the board had to alter its policy with regard to observation of and consultation with probationary teachers at other levels. This the board did. In a circular dated January 14, 1975, circulated by the board's Division of Personnel, it is stated that: "A principal or director, with the concurrence of the responsible superintendent, may recommend discontinuance of probationary service, or denial of certification of completion of probation, or denial of permanent appointment for any pedagogical employee under his or her supervision who is eligible to attain tenure upon the completion of the required probationary period." The form designated to report on the probationary service of a teacher states: "Comments Based on Personal Knowledge and Observation during Period Covered by Report". Thus, it is apparent that the board's practice, at least in the absence of an assistant superintendent, is to permit personal observation to be conducted by the principal. In this case petitioner was observed not only by his principal, but also by two independent observers from the district office, assigned by Superintendent Greene. Petitioner was still accorded review of his situation by Superintendent Greene, as well as by the Chancellor's review committee and the Chancellor himself. This case is distinguishable from *Matter of Longarzo v Anker* (49 AD2d 879). In *Longarzo* we held that a teacher's unsatisfactory rating was improper, because the assistant superintendent had failed to inspect petitioner's work and consult with him, as required by the relevant portion of section 41 (subd 3, par [e]) of the by-laws. But it was clear in that case that an assistant superintendent had been assigned to petitioner's school. Section 41 (subd 3, par [e]) was therefore entirely applicable, and no other result was possible. However, the Chancellor's

decision not to assign assistant superintendents to elementary schools has rendered the by-law inapplicable to situations such as this. Accordingly, it was necessary for the board to provide an alternative procedure for evaluation of probationary teachers. We cannot say that the procedure afforded petitioner here was either improper or unfair. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.