■ In the Matter of PATSY WHITTINGHAM, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review respondents' determination, dated July 11, 1975 and made after a hearing, that petitioner be denied certification of completion of her service as a probationary teacher, the appeal is from a judgment of the Supreme Court, Kings County, dated August 3, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements (see Matter of Kaye v Board of Educ., 57 AD2d 866). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOSEPH AGRILLO, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed January 26, 1977, upon his conviction of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a maximum of four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a period of imprisonment of 60 days and probation for an additional 4 years and 10 months. As so modified, sentence affirmed and case remitted to the County Court to fix the conditions of probation. The sentence was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURMAN BROWN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 14, 1976, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant contends that when the County Court accepted his plea of guilty, there was a failure to ascertain whether he had admitted the necessary element of a larcenous intent. The mere fact that defendant was under the influence of drugs when he committed the crime to which he pleaded guilty does not suffice to exonerate him from criminal responsibility therefor (see People v Davis, 33 NY2d 221, 227). Nor does defendant claim in his brief, nor did he claim at the plea-taking or sentence, that his having been under the influence of drugs when he committed the robbery to which he pleaded guilty had rendered him so intoxicated that he did not know what he was doing, or was not aware of the criminal nature of his act, or did not intend the act. Neither does he claim that his act was the result of an irresistible impulse. Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.