578 F.2d 469
 Roy LONGARZO, Plaintiff-Appellant,
v.
Irving ANKER, Individually and as Chancellor of the Board of
Education of the City of New York, Bertha Gordon,
Individually and as Assistant Superintendent of Schools in
charge of Bronx High Schools, Leonard Littwin, Individually
and as Principal of Adlai E. Stevenson High School, Bertram
Linder, Individually and as Assistant Principal and Chairman
of the Social Studies Department at Adlai E. Stevenson High
School, Dennis A. Hayes, Norma Klass and Herbert Siegel, all
Individually and in their capacity as Members of the
Chancellor's Review Committee and the Board of Education of
the City of New York, Defendants-Appellees.
 No. 579, Docket No. 77-7491.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 22, 1978.
Decided May 16, 1978.
 
 Joan E. Goldberg, New York City, for plaintiff-appellant.
 Ronald E. Sternberg, New York City (Allen G. Schwartz, Corp. Counsel, Leonard Koerner, New York City, of counsel), for defendants-appellees.
 Before FRIENDLY, MULLIGAN and MESKILL, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 During the 1971-72 and 1972-73 school years, Roy Longarzo was employed by the Board of Education of the City of New York as a probationary teacher of social studies at the Adlai E. Stevenson High School in Bronx County. His work was rated as "satisfactory" for the year 1971-72, but for the year 1972-73 he was rated "unsatisfactory" by Leonard Littwin, the school's Principal, and Bertram Linder, the Assistant Principal and the Chairman of the Social Studies Department. Longarzo's certificate of unsatisfactory service was endorsed by Bertha Gordon, the Acting Assistant Superintendent for Bronx High Schools. Gordon failed to inspect Longarzo's work or consult with him, in violation of § 41(3)(e) of the bylaws of the Board of Education.[1]
 
 
 2
 Longarzo appealed the unfavorable rating pursuant to § 105a of the bylaws.[2] Irving Anker, the Chancellor of the Board of Education, convened a three-member Chancellor's Review Committee comprised of Dennis A. Hayes, Norma Klass and Herbert Siegel to review the rating. The committee conducted a hearing on January 9, 1974, and later recommended to the Chancellor that the rating of "unsatisfactory" be upheld. On March 25, 1974, the Chancellor executed an order in which he sustained the rating and dismissed the appeal. Longarzo then instituted a special proceeding in the New York State Supreme Court pursuant to Article 78 of the CPLR[3] in which he sought to annul the Chancellor's determination. The state court held that § 41(3)(e) of the bylaws had been violated and that Longarzo had been denied liberty and property without due process of law in violation of the Fourteenth Amendment to the United States Constitution. In re Longarzo v. Anker, 78 Misc.2d 977, 358 N.Y.S.2d 936 (Sup.Ct. Kings County 1974). The court entered a judgment which annulled the Chancellor's order dismissing the appeal, substituted an order sustaining the appeal, expunged the unsatisfactory rating from Longarzo's records, and returned to Longarzo all salary increments lost as a result of the unfavorable rating. The judgment was affirmed by the Appellate Division, which agreed that the Board's bylaws had been violated but expressed no view on the due process issue. 49 A.D.2d 879, 373 N.Y.S.2d 199 (2d Dep't 1975).
 
 
 3
 On June 15, 1975, Longarzo filed his complaint in the instant action; he alleged that his right to due process had been violated. His claim was based on 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and the First, Fifth and Fourteenth Amendments to the United States Constitution. The basis for federal jurisdiction was 28 U.S.C. §§ 1331 and 1343. The defendants moved to dismiss the complaint. Although the complaint survived challenges based on claims of mootness, res judicata and the statute of limitations, it was nevertheless dismissed for a variety of other reasons: Littwin and Linder had never been served with process, so the complaint was dismissed as to them for lack of jurisdiction; the complaint failed to allege racial discrimination, so it failed, to state a claim under 42 U.S.C. § 1981; under Monell v. Department of Social Services, 532 F.2d 259 (2d Cir. 1976), cert. granted, 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977), the Board of Education is not a "person" within the meaning of the Civil Rights Act, so the district judge dismissed the claims under 42 U.S.C. §§ 1983, 1985 and 1986 against the Board; the constitutional claims against the Board were dismissed on the theory that no direct cause of action lies under the Fourteenth Amendment; Longarzo's remaining claims against the remaining defendants were dismissed for failure to state a claim on which relief could be granted because "there is nothing more a federal court could do to remedy his injuries than has already been accomplished in the state court proceedings." On this appeal, Longarzo argues that he has stated a claim because his expenses in the state court proceeding and his emotional distress are both compensable injuries. See Davis v. Village Park II Realty Co., 578 F.2d 461 (2d Cir. 1978). We affirm the judgment below, but for reasons different from those relied on by the district court. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937).
 
 
 4
 The due process clause of the Fourteenth Amendment provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." To be entitled to the procedural protections of that amendment, Longarzo must allege that he has been deprived of an interest in " liberty" or "property." An examination of the complaint discloses that he has failed to do so.
 
 
 5
 The closest Longarzo comes to alleging a deprivation of a property right is where he complains that the defendants deprived him of "his right to tenure and illegally extend(ed) his probationary year." In order to have a property right in their employment, teachers must have tenure or "de facto tenure." Gentile v. Wallen, 562 F.2d 193, 197 n.5 (2d Cir. 1977). Longarzo, as a probationary teacher, has no such right. See Rocker v. Huntington, 550 F.2d 804 (2d Cir. 1977) (per curiam). If his dismissal would not have deprived him of "property" within the meaning of the Fourteenth Amendment, then the mere extension of his probationary status certainly did not do so.
 
 
 6
 More clearly articulated, but equally insubstantial, is Longarzo's allegation that he was deprived of a liberty interest. In Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court said that an employment termination could infringe a protected liberty interest if the State made "any charge against (a teacher) that might seriously damage his standing and associations in his community," or if it "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." Id. at 573, 92 S.Ct. at 2707. In later cases, however, the Court has made it clear that this interest cannot be infringed upon without a showing that the State publicized the reasons for the termination. Board of Curators v. Horowitz, 435 U.S. 78, 83, 98 S.Ct. 948, 952, 55 L.Ed.2d 124 (1978); Bishop v. Wood, 426 U.S. 341, 348-49, 96 S.Ct. 2974, 48 L.Ed.2d 684 (1976). Longarzo has failed to allege that the defendants ever publicized the fact that he had received an unfavorable rating or the reasons for the rating. Thus, it is clear that Longarzo has failed to state a cause of action and his complaint was properly dismissed.
 
 
 7
 Affirmed.
 
 
 
 [1]
 On January 5, 1977, the Board of Education adopted a resolution which had the effect of repealing § 41 as a bylaw and continuing it as a regulation of the Chancellor. Section 41(3)(e) provides:
 (Assistant superintendents) shall . . . examine the work of teachers . . . who were rated unsatisfactory . . . . No certification of unsatisfactory service made by assistant superintendents shall be accepted and filed as an official report unless supplemented by proper data showing that the said certification is based upon inspection of work during the current school year and consultation with the teacher so rated, and that notice of the unsatisfactory rating has been given to such teacher.
 
 
 [2]
 Section 105a (now revised and renumbered § 5.3.4A (1977)) establishes the procedures for appeals to the Chancellor from, inter alia, ratings of unsatisfactory
 
 
 [3]
 In New York, the relief available through the three prerogative writs formerly known as certiorari, mandamus and prohibition, which were used to control judicial, quasi-judicial and administrative bodies and officers, is available through the so-called "Article 78 proceeding."