Libertad MORCIGLIO, Plaintiff,

v.

**NEW YORK CITY FIRE
DEPARTMENT,**
Defendant.

No. 83 CV 3762.

United States District Court,
E.D. New York.

Feb. 11, 1986.

Dewey, Ballantine, Bushby, Palmer & Wood, Brooklyn, N.Y. (Saul P. Morgenstern and Deborah Neff, of counsel), for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City (Michele Ovesey, Elizabeth Dale Kendrick, Grace Goodman, of counsel), for defendant.

## ORDER

### McLAUGHLIN, District Judge.

The annexed Report and Recommendation of United States Magistrate A. Simon Chrein is hereby adopted as the Opinion of this Court. No objections were filed within the time permitted. Accordingly, defendant's motion for summary judgment is denied.

SO ORDERED.

## REPORT AND RECOMMENDATION

### A. SIMON CHREIN, United States Magistrate.

This is an action under 42 U.S.C. § 1983 claiming a violation of due process and equal protection, under Title VII, 42 U.S.C. § 2000e et seq., for a discriminatory demotion, and under the New York State Constitution for a violation of human rights. N.Y. Const., art. 1, §§ 6, 11. This court has jurisdiction under 28 U.S.C. § 1343(a)(3), (4) and under pendent jurisdiction. The plaintiff alleges that she was disciplined without due process and in violation of equal protection when she was removed from a noncivil service, in-house title for racial reasons and without notice and an opportunity to be heard.

BACKGROUND

The plaintiff began working for the Office of the Inspector General of the New York City Fire Department on October 6, 1980. Defendant's Statement of Material Facts at ¶ 1, Aug. 8, 1984. She worked in the noncompetitive, nontenured civil service position of Confidential Investigator Level I until December 1, 1981. *Id.* at ¶ 2. As of December 1, 1981, Ms. Morciglio was promoted to the noncompetitive, nontenured civil service position of Confidential Investigator Level II. *Id.* at ¶ 3.

In January 1982, the plaintiff was given the noncivil service, in-house title of Chief Investigator. *Id.* at ¶ 4. As of March 1, 1983, she was promoted to the provisional civil service title of Principal Investigator, a position she continued to hold until her termination on May 17, 1984. Affidavit in Opposition to Application for Preliminary Injunction at ¶ 2, Aug. 29, 1983; Affidavit in Support of Defendant's Motion for Summary Judgment at ¶ 9, Aug. 7, 1984. Defendant's Memorandum of Law in Opposition to Plaintiff's Application for a Preliminary Injunction at 2, Sept. 23, 1983 [hereinafter cited as "Memorandum in Opposition to Preliminary Injunction"]; Affidavit of Libertad E. Morciglio at ¶ 18, Dec. 21, 1984.

As Chief Investigator, Ms. Morciglio was given supervisory duties in addition to her investigative duties. Her promotion in civil service status to Principal Investigator was intended to provide her accordingly with a salary increase to compensate her for these additional duties. Defendant's Statement of Material Facts at § 5. This salary increase was retroactive to January 1982, the date she actually began her supervisory duties. Affidavit in Support of Preliminary Injunction at ¶ 4, Aug. 30, 1983.

The plaintiff was suspended from her in-house title of Chief Investigator on August 11, 1983 and, although retaining her civil service position as Principal Investigator, was relieved of her supervisory duties. Defendant's Statement of Material Facts at ¶ 6; Complaint at ¶¶ 5, 7, 8. The plaintiff brought this action on August 25, 1983 challenging the removal of her title of Chief Investigator.

Nine months after this action was brought, the plaintiff's employment with

the New York City Fire Department was terminated. Affidavit of Libertad E. Morciglio at ¶ 18, Dec. 21, 1984.

The plaintiff alleges in her first claim that her suspension as Chief Investigator violated her due process and equal protection rights in violation of 42 U.S.C. § 1983 since she was suspended with no notice or hearing and for racially discriminatory reasons. Complaint at ¶¶ 15–18, 20. In her second claim, the plaintiff alleges a denial of equal employment opportunity in violation of Title VII since she was suspended for racial reasons. *Id.* at ¶ 21. The plaintiff also alleges a violation of her due process and equal protection rights under the New York State Constitution as a pendent claim. *Id.* at ¶ 22.

The plaintiff seeks damages, equitable relief, and attorney's fees. *Id.* at 4–5.

While the defendant has moved for summary judgment of this action, it challenges only the claim under 42 U.S.C. § 1983. The question articulated by the defendant in its motion for summary judgment, i.e., whether or not the plaintiff's position as Chief Investigator is entitled to the protections of New York Civil Service law, pertains solely to the first cause of action and does not affect the basis for her other claims. *See* Defendant's Statement of Material Facts at ¶ 13. *See also* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment at 3, Aug. 15, 1984 [hereinafter cited as "Memorandum in Support"] (defendant argues that the plaintiff alleges no protected property or liberty interest in her position as Chief Investigator and, therefore, has no due process right to notice and a hearing before suspension).

For this reason, it is my opinion that this motion should be treated as one for partial summary judgment, i.e., summary judgment on the plaintiff's cause of action under 42 U.S.C. § 1983.

*Discussion*

The plaintiff raises a claim that she was denied procedural due process in her suspension as Chief Investigator. Procedural due process is required only where there was a "deprivation of interests encom-

passed by the Fourteenth Amendment's protection of liberty and property." *Bd of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). The plaintiff has alleged no protected property interest but does raise a valid deprivation of liberty claim.

 The plaintiff alleges that she is entitled to the protections of New York Civil Service Law since she was a permanent civil servant at the time of her supervision. Complaint at ¶ 13. In fact, the plaintiff's position as Chief Investigator was *not* a civil service position and as such, enjoyed no civil service protections. It was merely an in-house title from which she could be removed at will by the Inspector General. A public employee does not have a constitutionally-protected property interest in employment unless state law or an implied contract establishes a legitimate entitlement to continued employment. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), *citing Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972) and *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Ms. Morciglio, therefore, had no property interest in her Chief Investigator title that would be protected by 42 U.S.C. § 1983 and, accordingly, had no right to due process before being suspended. (The plaintiff's complaint and subsequent submissions make no allegations concerning her subsequent termination from her civil service position as a Principal Investigator.)

While the plaintiff had no property interest in her position as Chief Investigator, she alleges a valid liberty interest protected by 42 U.S.C. § 1983. The plaintiff alleges that the defendant's decision to discipline her without notice and an opportunity to be heard has stigmatized and continues to stigmatize her as she seeks other employment. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 4, Dec. 21, 1984. [hereinafter cited as "Memorandum in Op-

position"]. *See* Affidavit of Libertad E. Morciglio at ¶¶ 15, 18, 20.

 A state infringes an employee's liberty interest when in terminating him, it makes charges "that might seriously damage his standing and associations in his community" or it "impose[s] on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." *Bd. of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); *Longarzo v. Anker*, 578 F.2d 469, 472 (2d Cir.1978). The state must also have publicized the stigmatizing reasons for its termination in order to have infringed his liberty interest. *Bd. of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 83, 98 S.Ct. 948, 951, 55 L.Ed.2d 124 (1978); *Longarzo*, 578 F.2d at 472.

 The plaintiff alleges that she was falsely accused by her employer of having disclosed confidential material regarding a pending confidential investigation. *See* Affidavit in Opposition to Application for Preliminary Injunction at ¶¶ 7–9, Aug. 29, 1983 [hereinafter cited as "Affidavit in Opposition"]; Affidavit of Libertad E. Morciglio at ¶¶ 7–13; Memorandum in Opposition at 2. The Inspector General maintains that the plaintiff's actions "constituted unprofessional conduct and a grievous breach of her obligations to maintain the confidentiality of all investigations conducted "by his office," warranting dismissal. Affidavit in Opposition at ¶ 10.

The plaintiff, in later submissions, alleges that these reasons were communicated to prospective employers to whom she applied for a position and who, as a result, did not hire her. Affidavit of Libertad E. Morciglio at ¶¶ 15–20. Memorandum in Opposition at 4–5. Ms. Morciglio asserts that her employer's charges of a breach of confidentiality threaten her ability to seek and obtain employment since her occupation as a confidential investigator "is one in which confidentiality is of paramount importance." Memorandum in Opposition at 4. *See Capers v. Long Island Railroad*, 429 F.Supp. 1359, 1368 (S.D.N.Y.1977) (a stigma of moral turpitude infringes the liberty interest while a charge of incompetence or inability to get along with coworkers does not).

Since these stigmatizing reasons may restrict her ability to seek and obtain future employment in her profession or occupation, their communication by her employer may violate her liberty interest. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 446 (2d Cir.1980).

Although the plaintiff does not allege in her complaint that the stigmatizing reasons were publicized outside the Inspector General's Office at the time of her demotion, she alleges in subsequent submissions that they were communicated to prospective employers two months after her suspension and will continue to be so communicated in the future. Memorandum in Opposition at 2, 3, 5; Affidavit of Libertad E. Morciglio at ¶¶ 15, 17, 20.

 The fact that the stigmatizing remarks were not made simultaneously with the suspension does not preclude a § 1983 action since "[t]he damage to the individual is the same whether the defamatory information is released simultaneously with the firing or some period of time afterwards." *Holly v. City of Naperville*, 571 F.Supp. 668, 676 (N.D.Ill.1983).

 While the defendant is correct that a plaintiff's claim must be based upon facts in existence at the time the complaint was filed, it is my view that the fact that the stigmatizing reasons offered by her employer were made known to her at the time of her suspension, and the fact that the employer did not have the opportunity to publicize these reasons to a prospective employer until a later period of time should not preclude the plaintiff's claim of a liberty violation.

It would be a mere technicality and an inefficient use of the court's time to dismiss this claim for failure to allege a publication in the complaint and require the plaintiff to refile the action with this additional allegation. Instead, since, as here,

the subsequent defamatory remarks relate to the suspension and since this is a motion for summary judgment where the court may consider all premotion submissions in determining its ruling, it is my view that the plaintiff has made out a prima facie case for a violation of her liberty interest.

The defendant has failed its burden to show that there are no material issues of fact in dispute since the parties disagree on the remarks, if any, actually communicated to prospective employers as well as on their stigmatizing effect.

For the foregoing reasons, I respectfully recommend that the defendant's motion for summary judgment on the plaintiff's claim under 42 U.S.C. § 1983 be denied.

SO ORDERED.