**Walter S. RAMEY, Appellee,**

v.

**DES MOINES AREA COMMUNITY COL-
LEGE et al., Appellants.**

**No. 56245.**

Supreme Court of Iowa.

March 27, 1974.

Ahlers, Cooney, Dorweiler, Allbee &
Haynie, Des Moines, for appellants.

Robert D. Hall, Des Moines, for appellee.

Heard before MOORE, C. J., and
RAWLINGS, REES, HARRIS and Mc-
CORMICK, JJ.

HARRIS, Justice.

We affirm the judgment of the trial
court awarding mitigated damages arising
from the claimed cancellation of an employment contract.

For some time prior to December 1, 1967 the Des Moines school system operated a project called the Des Moines Comprehensive Vocational Facility. The program's function was to improve the employment skills of disadvantaged, unemployed, and underemployed persons. Funding was provided through the Manpower Development & Training Act, with 90 percent of the funds coming from federal sources and 10 percent from state funds. Walter S. Ramey (plaintiff) was supervisor. On December 1, 1967 the program was assumed by Des Moines Area Community College and its board of directors (defendants). It was then renamed the Des Moines Skill Center. Plaintiff continued as supervisor and was eventually given the title of director. His employment by defendants was the subject of various written agreements. The parties dispute whether they amount to an original contract and successive extension endorsements (plaintiff's version) or a rather detailed contract followed by a series of much more simple annual contracts (defendants' version). The trial court thought it unnecessary to resolve this difference.

The original written contract, dated March 31, 1969, contained the following provision:

"That this contract shall be subject to the provisions of Iowa Code, § 279.13, known as the continuing contract law, * * * the conditions of which are hereby by this reference made a part of the condition of employment hereunder."

The quoted provision was one of eight numbered paragraphs appearing in addition to the provisions for employment and salary. Thereafter on December 1, 1969 and on October 22, 1970 the parties executed writings, each denominated "Acceptance Statement" which provided for employment from December 1, 1969 to October 31, 1970 and from November 1, 1970 to October 31, 1971 respectively. These extremely terse and short statements provided increasing salaries for plaintiff but contained none of the additional provisions of the original contract.

Because of the funding sources for the project it is surprising the quoted provision was written into the original contract. Defendants offered much testimony to show the tenuous nature of the program. The program was not understood to be permanent or continuing such as public school courses, the teachers for which are normally protected by Code section 279.13. The record indicates anyone undertaking a teaching career in such a program pursues a perilous vocation. The director works for many state and federal agencies most of which are the subject of varied studies and surveys. An unfavorable conclusion of such a study can stop the funding and the program. Plaintiff freely conceded he was aware of the risks inherent in such a vocation and of his consequent lack of secure tenure. He may have taken some comfort in knowing a phase-out period was provided in the event funding was terminated. The program in question continued up to the time of trial.

For reasons it is agreed are not material, plaintiff fell from the favor of a federal agency. Predictably he also fell from the favor of defendants. Notices were given. Meetings were held. On September 23, 1971 plaintiff received a notice from defendants as follows:

"This is to advise you that in action taken by the Des Moines Area Community College Board of Directors at a special board meeting held Wednesday, September 22, 1971, your contract as Director of the Des Moines Skill Center will be terminated as of October 31, 1971, the expiration date of your existing contract.

"In accordance with Section 279.13 of the Code of Iowa, you are further advised that you have the right to protest the action of the Board, and to a hearing thereon, by notifying the President or Secretary of the Board in writing of such protest within twenty days of the receipt of this

notification, in which event the Board shall hold a public hearing on such protest at the next regular meeting of the Board, or at a special meeting called by the President of the Board for that purpose, and shall give notice to you in writing of the time of the hearing on the protest. Upon the conclusion of the hearing the board shall determine the question of continuance or discontinuance of the contract by a roll call vote entered in the minutes of the board, and the action of the board shall be final."

■ Of course the provisions of section 279.13 are designed to accommodate the scheduling requirements of public school teachers. The section's requirements do not square with a program such as this one which is necessarily less closely structured in accordance with a public school calendar. Under section 279.13 teacher contracts automatically continue in force for equivalent periods unless one of three things occurs. The contract may be modified or terminated by agreement. It may be terminated by notice given by the teacher on or about April 15. Finally, as was attempted here, it may be terminated if the board notifies the teacher of termination not later than April 10 of each year. The section carefully prescribes the notice to be given.

■ Plaintiff's employment was not effectively terminated in accordance with section 279.13. His contract extended through October 31, 1971. Defendants did not move to terminate plaintiff's employment until September 22, 1971 and the certified letter of termination was not dated until September 23, 1971.

I. We agree with the trial court in refusing to rule on two issues argued by the parties. Neither is necessary for a determination of the dispute. A question is raised whether an area college is bound to follow the provisions of section 279.13 and 279.24 in terminating teacher contracts or discharging teachers. The issue centers around whether section 280A.23, The Code, (authority of area directors of area schools) gives powers to defendants free of chapter 279. The answer to that issue would not affect this determination. Here the question is not whether an area college *must* proceed under section 279.13. The controlling question here is whether the area college *did* proceed under section 279.-13.

For much the same reason we should refrain from deciding whether the Acceptance Statements executed by the parties in 1969 and 1970 supplanted or merely extended the original contract of employment. Defendants argue, since the later statements could be themselves sufficient as contracts, they must be considered as abrogating the earlier agreement. We have grave doubts whether their sufficiency as contracts is controlling of the question. See 17 Am.Jur.2d, Contracts, section 459, pages 924–926. But again the answer to the question would not govern our determination. The efforts to terminate the contract, efforts in which section 279.13 was expressly cited by defendants, were undertaken after both Acceptance Statements were executed.

Answering these questions would constitute rendition of advisory opinions. Accordingly they are passed.

II. We believe the trial court accurately focused on the central and controlling issue. We adopt from the trial court's findings the following:

"It is apparent from the record that the defendant by its Board of Directors, although having grounds for discharge [under section 279.24], attempted to terminate [under section 279.13] and [proceeded] through peaceful means and in doing so failed to follow the prescribed statutory procedure [under section 279.13], while they could have under Section 279.24 discharged the plaintiff if their complaints could have been substantiated. * * *."

■ We agree with the trial court. Whether or not they were bound to, the parties have brought section 279.13 into operation. They contracted for its applica-

tion in the original contract. Whether that agreement was abrogated or not, defendants expressly proceeded with its application in moving to terminate plaintiff's employment. The trial court was right in refusing to excuse defendants from complying with provisions of a statutory procedure they themselves continued to select.

A list of our cases applying the two sections, 279.13 and 279.24, is not long. The parties cite and rely on the same opinions. McGuffin v. Willow Community School District, 182 N.W.2d 165 (Iowa 1970); Van Peursem v. Consolidated Ind. School District of Laurens, 240 Iowa 1100, 38 N.W.2d 615; Chadwick v. Grant Ind. School Dist., 238 Iowa 498, 28 N.W.2d 32; Schrader v. Cameron Twp. Sch. Dist., 221 Iowa 799, 266 N.W. 473; Griffith v. Red Oak Community School District, 167 N.W.2d 166 (Iowa 1969).

Defendants rely on a principle developed in these cases requiring only "substantial compliance" by an employer-school. We applied such a principle in cases of discharge under section 279.24. We have not applied such a principle in cases of termination under section 279.13.

The rule, calling for only substantial compliance with section 279.24, was promulgated many years ago. Teaching contracts affected were then likely to be those of rural school teachers. The directors were then thought to be incapable of careful compliance with strict legal procedures. See Schrader v. Cameron Twp. Sch. Dist., supra. The disappearance of country schools has never precipitated a challenge to the rule, even in view of our developing notions of the requirements of due process. But see Smith v. Iowa Employment Security Comm., 212 N.W.2d 471 (Iowa 1973) and authorities.

■ In any event there is no reason to suppose the rule should be applied to section 279.13. Section 279.24 provides for the summary discharge of teachers for "incompetency, inattention to duty, partiality, or any good cause." It presupposes an inability of the teacher to complete teaching services. Section 279.13 (automatic continuation) has a completely different purpose. Its aim is to provide for a comparative permanence in teaching positions, unless either of the parties decide and notify the other of a termination. Its aim is to allow both the school and teacher time to plan ahead if there is to be an end of the employment. It was drafted with ordinary school years in mind. We believe the whole purpose of the statute would be frustrated if the time specifications could be ignored. We decline to so interpret the statute.

■ III. Defendants argue they substantially complied with section 279.24. Without holding they did we believe such substantial compliance would be fruitless. It could not suffice upon the heels of a written notice to plaintiff expressly selecting to proceed under another statute. Whatever may have passed under our earlier cases under the guise of substantial compliance was limited to a procedure actually undertaken. It would have been a shocking expansion of the rule, even under due process as then understood, to justify, in the name of substantial compliance, the application of one legal proceeding when another had been expressly but ineptly undertaken. The concept of substantial compliance is not available to change a termination proceeding improvidently undertaken into a discharge proceeding which perhaps could have been successfully undertaken. Substantial compliance, under our cases, was available only to excuse the formal requirements of section 279.24 then thought to be beyond the competence of school directors.

IV. Defendants argue plaintiff should be barred for failure to exhaust his administrative remedy. They claim he should have perfected an appeal from defendants' order to the county superintendent of schools under section 290.6, The Code. This contention was expressly rejected in

Independent School District v. Samuelson, 222 Iowa 1063, 270 N.W. 434.

The parties are agreed as to the amount of mitigated damages. Defendants' other arguments have been considered and are without merit. Because defendants tried to terminate plaintiff's teaching contract under section 279.13, The Code, and failed to do so in accordance with the time therein prescribed, the judgment of the trial court is

Affirmed.