E. V. KENNEDY, Plaintiff-Appellant, *v.* COMMUNITY UNIT SCHOOL DISTRICT No. 7, CHAMPAIGN COUNTY, *et al.*, Defendants-Appellees.

(No. 12145;

Fourth District—November 14, 1974.

N. E. Hutson, of Monticello, for appellant.

Hatch, Corazza, Baker & Jensen, of Champaign (Harold A. Baker, of counsel), for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals the judgment entered upon dismissal of his second amended complaint seeking mandamus, actual damages in the sum of $25,992, and punitive damages in the sum of $90,000. He alleged wrongful and illegal dismissal as a principal and teacher.

Plaintiff had been employed as a tenured teacher and principal of Pesotum Elementary School. He attained the age of 65 years on December 14, 1969. On March 26, 1970, defendants advised plaintiff by letter:

"Reference Section 24—11 of the 'School Code of Illinois' that contractual service shall cease at the end of the school term following the 65th birthday.

The Board of Education has decided not to offer you a contract of employment for next school year."

It is said that the failure to offer a contract violates the provisions of the School Code (Ill. Rev. Stat. 1969, ch. 122, pars. 24—11, 24—12), the Age Discrimination Act (Ill. Rev. Stat. 1967, ch. 48, par. 881 et seq.), and plaintiff's rights of due process and equal protection under the federal constitution.

Section 24—11 of the School Code at issue provides in its fourth paragraph:

"Contractual continued service shall cease at the end of the school term following the 65th birthday of any teacher, and any subsequent employment of such a teacher shall be on an annual basis." (Emphasis supplied.)

Plaintiff contends that the term of contractual continued service did not terminate until the end of the school year (1970), following his 65th birthday in December, 1969; that he was a tenured teacher at the time of the notice in March, 1970, so that he was entitled to written notice stating specific charges as enumerated in section 10—22 of the School Code, a

bill of particulars and a hearing as provided in section 24—12 of such Code.

■■■ Section 24—11 clearly states that the extension of employment contracts for the school terms commencing subsequent to a teacher's 65th birthday is not required by virtue of the teacher's status of contractual continued service. Thus, plaintiff argues that he is entitled to a hearing on specific charges before defendant can "terminate" a non-existent right to contractual continued service. Plaintiff's conclusion appears to be contrary to the plain language of section 24—11 in that it leaves meaningless the provision "and any subsequent employment of such teacher shall be on an annual basis." Appellate courts cannot restrict nor enlarge the plain meaning of an unambiguous statute (*Bovinette v. City of Mascoutah*, 55 Ill.2d 129, 133, 302 N.E.2d 313), and:

> " '[I]t is a cardinal rule in construing statutes that they are to be construed so as to give effect to each word, clause and sentence, so that no word, clause or sentence shall be considered superfluous or void, [citations] and a statute should be so construed, if possible, as to give to each word and sentence its ordinary and accepted meaning.' " *Vaught v. Industrial Commission*, 52 Ill.2d 158, 165, 287 N.E.2d 701.

Paragraph 3 of section 24—11 includes:

> "[A]ny teacher employed on a full-time basis, not later than January 1 of the school term, shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be re-employed for the following school term."

We hold that where, as here, a teacher is given such notice during the school term during which he reaches age 65, his employment is properly terminated at the end of that school term, without notice of specific charges or a hearing that would otherwise be required by section 24—12 of the School Code.

■■ As a constitutional issue, plaintiff urges that the portion of section 24—11 at issue violates the 14th amendment of the United States Constitution by its failure to provide notice of specific charges and a hearing upon such. To determine whether plaintiff has alleged an interest within that amendment's protection of liberty and property, one must ascertain the nature of the interest at stake. (*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570, 571, 33 L.Ed.2d 548, 92 S.Ct. 2701.) Not to be rehired raises no issue of deprivation of liberty. (*Roth; Powell v. Jones*, 56 Ill.2d 70, 305 N.E.2d 166.) In certain circumstances, the courts have found a property right in continued employment. To demonstrate an interest in such employment protected by procedural due process:

"A person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. 564, 577.

■■ Interests in property are not created by the Constitution, but "[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (*Roth*, 408 U.S. 564, 577, 33 L.Ed.2d 548, 561, 92 S.Ct. 2701, 2709; *Powell v. Jones*, 56 Ill.2d 70, 79, 305 N.E.2d 166, 171.) Thus, it must be determined that plaintiff possessed an interest in continued employment entitled to the protection of federal due process. It is clear that within the terms of the statute he was not entitled to the statutory contractual service. The complaint alleges no other rules or representations that would amount to "de facto tenure" beyond age 65 within the meaning of *Perry v. Sindermann*, 408 U.S. 593, 33 L.Ed. 2d 570, 92 S.Ct. 2694, so that plaintiff has not alleged a "legitimate claim of entitlement of continued employment." (*Perry v. Sindermann; Powell v. Jones.*) We conclude that the complaint fails to state a cause of action in the context of denial of due process.

■■ Plaintiff argues, in the alternative, that as section 24—11 permits the nonretention of teachers over 65 without a statement of charges or a hearing thereon, but requires notice of charges and hearing as to those teachers under 65, plaintiff has been denied the equal protection of law contrary to the 14th amendment of the United States Constitution. It is a matter of general and common knowledge that many persons expect to and do retire from their employment at the age of 65 years. Such age marks the eligibility for benefits both under the Social Security Act of the United States and many public and private pension plans. It is thus apparent that the classification is not "inherently suspect and subject to close judicial scrutiny." (*Graham v. Richardson*, 403 U.S. 365, 29 L.Ed.2d 534, 91 S.Ct. 1848.) If no fundamental right is concerned, a statutory classification which is reasonable and bears a rational relationship to a proper State objective, there is no denial of constitutional equal protection. *Village of Belle Terre v. Boraas*, — U.S. —, 39 L.Ed.2d 797, 803, 94 S.Ct. 1536.

Plaintiff alleges that the nonrenewal of his contract violated the Age Discrimination Act (Ill. Rev. Stat. 1971, ch. 48, par. 881 *et seq.*). Section 884(1) provides, in relevant part, that:

"It is an unlawful employment practice for an employer:

(1) To refuse to hire, to discharge, or otherwise to discriminate against any individual with respect to his terms, conditions or

privileges of employment, otherwise lawful, because of such individual's age, when the reasonable demands of the position do not require such an age distinction; * * *."

The Act appears to be directed against "[h]iring bias against workers over 45 years of age * * *." Ill. Rev. Stat. 1969, ch. 48, par. 881(b).

The statute, upon its face, does not state any age beyond 45 years at which it ceases to be applicable. Comparable Federal legislation provides that it shall not include persons who have reached 65 years of age. (29 U.S.C.A. § 631 (1974).) It appears that most states provide that the statute shall cease to apply when a person reaches the age of 65 years. See Annot., 29 A.L.R. 3d 1407 (1970).

The statute (Ill. Rev. Stat. 1969, ch. 48, par. 883) provides:

"Nothing in this Act affects the retirement system of any employer where such system is not merely a subterfuge to evade the purpose of this Act; * * *."

This State, for many years, has provided a system for teachers' annuity and pension. Section 16—132 of the Pension Code (Ill. Rev. Stat. 1969, ch. 108½, par. 16—132) provides an annuity and pension for teachers at age 55 who have 20 years of service; at age 60 who have 10 years of service and at age 62 who have 5 years of service. The record discloses that plaintiff has long qualified under the benefits of such annuity and pension system.

The long existence of the statutory system of annuities and pensions and its general application to teachers throughout the State demonstrate that the "retirement system" is not a subterfuge to evade the Age Discrimination Act.

■■ The latter Act became effective in 1967. We note that Public Act 76-1138, approved August 28, 1969, amended section 24—11 of the School Code. Such amendment reenacted the provision that contractual continued service shall cease at the end of the school year following the 65th birthday of the teacher. We conclude that the sum of the legislative acts demonstrates an intended interrelation between the Teachers' Retirement System of Illinois and section 24—11 of the School Code. We cannot conclude that the legislature intended that the Age Discrimination Act make inoperative a portion of section 24—11 of the School Code and such Teachers' Retirement System. Courts should interpret the several statutes so as to give a reasonable meaning to each. *Arnolt v. City of Highland Park*, 52 Ill.2d 27, 282 N.E.2d 144.

The judgment below is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.