■ In the Matter of ALICE HARREN, Appellant, v MIDDLE ISLAND CENTRAL SCHOOL DISTRICT No. 12, Respondent.—In a proceeding pursuant to CPLR article 78 to annul respondent's determination that petitioner be retired because she had attained the mandatory retirement age, petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County, entered October 9, 1974, as denied the application and dismissed the petition. Judgment affirmed insofar as appealed from, without costs. On the record in this appeal, there is no evidence of unconstitutional discrimination. A mandatory retirement policy at age 70 is not unconstitutional under present standards, and this record does not reveal anything other than a statutorily authorized mandatory retirement policy. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.

■ In the Matter of ROY LONGARZO, Respondent, v IRVING ANKER, as Chancellor of the Board of Education of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of appellant Anker, dated March 25, 1974, which, after a hearing, dismissed petitioner's appeal from an "unsatisfactory" rating as a probationary teacher and sustained the said rating, the appeal is from a judgment of the Supreme Court, Kings County, entered October 8, 1974, which, *inter alia,* (1) annulled the determination, (2) sustained the appeal to appellant Anker and (3) expunged from the records all references to an unsatisfactory rating for petitioner for the 1972–1973 school year. Judgment affirmed, with costs. Section 41 (subd 3, par [e]) of the by-laws of the Board of Education of the City of New York provides, in pertinent part: "No certification of unsatisfactory service made by assistant superintendents shall be accepted and filed as an official report unless supplemented by proper data showing that the said certification is based upon inspection of work during the current school year and consultation with the teacher so rated, and that notice of the unsatisfactory rating has been given to such teacher." It is undisputed that the assistant superintendent failed to comply with these requirements in that she did not inspect petitioner's work or consult with him. "The Board's rules contained in its by-laws are binding upon it" *(Matter of Parris v Board of Educ. of City of N. Y.,* 48 AD2d 835; *Matter of Greenbaum,* 15 Ed Dept Rep —). Suppression of the unsatisfactory rating for petitioner contained in Form OP-152, approved by the acting assistant superintendent, requires the expunging of that rating in Form OP-151, on which the rating set forth in Form OP-152 was based. We express no opinion as to the other issues raised. Hopkins, Acting P. J., Martuscelio, Cohalan, Christ and Munder, JJ., concur. [78 Misc 2d 977.]

■ In the Matter of STEVEN M. (ANONYMOUS), Appellant.—In a proceeding in which appellant was adjudged to be a juvenile delinquent, he appeals from an order of the Family Court, Kings County, dated May 13, 1975, which placed him with the Division for Youth, Title III, for a period not to exceed 18 months. Order affirmed, without costs. The record on this appeal adequately supports the determination of the Family Court. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.