Lois PALMER, Plaintiff,

v.

Frank TICCIONE, Edward Hayes, Benjamin Giambabio, William O'Connell, William Gargiulo, Robert Jacob, N. Paul Buscemi, and the School Board of Copiague Union Free School District, Defendants.

No. 75 C 2007.

United States District Court,
E. D. New York.

June 30, 1977.

Spizz & McEvily, Community Legal Assistance Corp., Hempstead, N. Y., for plaintiff; Jonathan Weiss, New York City, Legal Aid for the Elderly Poor, of counsel.

Henry A. Weinstein, Garden City, N. Y., for defendants.

NEAHER, District Judge.

This is an action seeking the reinstatement of a kindergarten teacher who was involuntarily retired because she had reached seventy years of age. The complaint alleges violations of the First Amendment, the Equal Protection and Due Process Clauses, the Older Americans Act, and various State statutory and constitutional provisions. Jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1343, with pendent jurisdiction for the State claims. Plaintiff has moved for summary judgment and defendants have cross-moved to dismiss the complaint for want of a substantial federal question or for summary judgment.

The facts are not in dispute. Plaintiff, born in 1905, taught in private nursery schools from 1943–59. After two years at another public school, she was hired in 1961 as a kindergarten teacher in the Copiague Union Free School District. At the end of the 1963–64 school year she became tenured under New York Education Law § 3012.

On May 15, 1975, plaintiff, then 70 years old, was informed by defendant N. Paul Buscemi, Superintendent of Schools in Co-

piague, that she would be retired at the end of the school year in accordance with New York Education Law § 510(1)(b), which states in pertinent part: "Any member [of the teachers' retirement system] who has attained age seventy may be retired at his own request or at the request of his employer . . .." The School Board subsequently ratified plaintiff's retirement without a hearing.

Plaintiff is willing and able to work, and all evaluation reports of her work were satisfactory. In her most recent evaluation, on March 10, 1975, plaintiff's principal recommended that she be rehired "[s]ubject to review of compulsory retirement under N.Y. State Educational Law."

Defendants urge that the complaint be dismissed for want of a substantial federal question. Federal claims are insubstantial only if "prior decisions inescapably render the claims frivolous." *Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). A review of the pertinent decisions shows this to be the case with respect to plaintiff's claims.

In *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the Supreme Court unequivocally rejected an equal protection challenge to a statute requiring State police officers to retire at age 50. The rational relationship test was applied to the statute, for the aged is not a suspect class and a right of governmental employment is not fundamental. *Id.* at 2566–67, 96 S.Ct. 2562. The Court held that, since physical ability generally declines with age, mandatory retirement at age 50 rationally furthers the State's interest in ensuring the physical preparedness of its police. *Id.* at 2567–68, 96 S.Ct. 2562.

*Murgia* simply served to confirm the Court's decisions in similar cases in which it had dismissed the appeal for want of a substantial federal question, *Campbell v. Aldrich*, 305 U.S. 559, 59 S.Ct. 87, 83 L.Ed. 352 (1938); *McIlvaine v. Pennsylvania*, 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (1974), or summarily affirmed dismissal of

the complaint on the same ground, *Weisbrod v. Lynn,* 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975); *Cannon v. Guste,* 423 U.S. 918, 96 S.Ct. 257, 46 L.Ed.2d 245 (1975). All of these decisions rejected equal protection attacks on mandatory retirement statutes, and due process arguments fared no better in *Weisbrod* and *McIlvaine.* See *Weisbrod v. Lynn,* 383 F.Supp. 933, 936–37 (D.D.C.1974).

On the basis of *Weisbrod* and *McIlvaine,* the Court of Appeals for this Circuit stated:

> "We are of the opinion that the issue of age restrictions upon the term of office of state judges is properly one for the legislative or electoral processes of the State of New York and that the effort to clothe it in constitutional garb is frivolous." *Rubino v. Ghezzi,* 512 F.2d 431, 433 (2 Cir. 1975).

The Court of Appeals therefore rejected as insubstantial the claim that the mandatory retirement age violates the Due Process and Equal Protection Clauses and affirmed the dismissal of the complaint for want of a substantial federal question.

Plaintiff argues that her claim is not foreclosed by these decisions because they dealt with mandatory retirement statutes rather than a discretionary retirement statute such as Education Law § 510(1)(b). When faced with a similar challenge to § 510(1)(b), however, the Appellate Division, Second Department, affirmed dismissal of a 70-year-old schoolteacher's complaint with the following brief memorandum:

> "On the record in this appeal, there is no evidence of constitutional discrimination. A mandatory retirement policy at age 70 is not unconstitutional under present standards, and this record does not reveal anything other than a statutorily authorized mandatory retirement policy." *Harren v. Middle Island Central School No. 12,* 49 A.D.2d 879, 373 N.Y. S.2d 20 (2nd Dept. 1975).

As in *Harren,* there is nothing in the record of this action to distinguish it from the mandatory retirement cases decided by the Supreme Court.

Plaintiff also relies on a suggestion by Justice Marshall, in dissent in *Murgia,* that the majority opinion did not sanction a mandatory retirement law for employees whose jobs require mental alertness rather than physical fitness. *Murgia, supra,* 96 S.Ct. at 2573 n. 8. This comment does not aid plaintiff, however, for a kindergarten teacher surely needs as much physical fitness as mental alertness. In addition, Justice Marshall's comment seems questionable in light of the acceptance of mandatory retirement statutes for teachers in *Campbell v. Aldrich, supra,* and for judges in *Rubino v. Ghezzi, supra.*

The remaining federal claims, which are based on the First Amendment and the federal policy against age discrimination expressed in the Older Americans Act, 42 U.S.C. § 3001, *et seq.,* are also insubstantial. The First Amendment does not protect jobs *per se,* and federal policy falling short of a constitutional mandate does not provide a basis for relief. *Weiss v. Walsh,* 324 F.Supp. 75, 77–78 (S.D.N.Y. 1971), *aff'd,* 461 F.2d 846 (2 Cir. 1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 939, 35 L.Ed.2d 262 (1973).

Accordingly, defendants' motion to dismiss for want of a substantial federal question is granted.

SO ORDERED.