Ruth R. JOHNSTON, Appellant,

v.

MARION INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 61233.

Supreme Court of Iowa.

Feb. 21, 1979.

James L. Sayre, of Dreher, Wilson, Adams & Jensen, Des Moines, for appellant.

Ernest F. Pence and Thomas R. Pence, of Hines, Pence, Day & Powers, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK and LARSON, JJ.

HARRIS, Justice.

Is a teacher's attainment of mandatory retirement age "good cause" for discharge under § 279.24, The Code, 1973? The trial court held there was good cause. We disagree.

Ruth R. Johnston (plaintiff) became a teacher in the Marion School District (the school) in 1954. She brought this equity action to challenge the legality of the school district's termination of her employment. During the 1973–1974 school year plaintiff reached 65 years of age. The school has a mandatory retirement policy which calls for retirement on the first day of July following an employee's 65th birthday. The school reserves the right to re-employ retired teachers on a year-to-year basis.

The school first tried and failed to retire the plaintiff by serving a notice of termina-

tion in accordance with § 279.13, The Code, 1973. This attempt was ineffective, however, because the school failed to give timely notice under § 279.13.

Thereafter the school attempted to discharge plaintiff under § 279.24, The Code, 1973. That section provides:

"The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any *good cause*, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor." (Emphasis added.)

Plaintiff resisted the attempt urging there was no "good cause" to discharge her. The sole and only issue in the suit is whether good cause did exist in view of (1) the school policy and (2) plaintiff's age.

I. We explained the term "good cause" in some detail in *Hartman v. Merged Area VI Community College*, 270 N.W.2d 822, 826 (Iowa 1978). The term must relate to some specific personal fault of the teacher.

We cannot believe the legislature intended that the attainment of the 65th birthday could be thought to be good cause. But the school argues that the term should be so interpreted in the light of the specific school policy which calls for the retirement of a person 65 years of age. The argument strikes us as unsound. Age has nothing to do with fault, a fact which local school policy can in no way affect. The legislature did not vest school boards with the power to designate or change what might constitute good cause by mere process of adopting local school policies.

Our view is somewhat bolstered by the observation that the defendant school, itself, obviously does not believe that a 65 year-old teacher is necessarily unfit to teach. The board policy expressly reserved to the school the right to rehire teachers 65 and older.

The trial court erred in finding good cause for plaintiff's discharge. The judgment of the trial court is accordingly reversed and the case remanded for a decree declaring plaintiff's discharge was illegal.

REVERSED AND REMANDED.