**Margaret DeSHON, Appellant,**

v.

**BETTENDORF COMMUNITY SCHOOL DISTRICT and Board of Education of the Bettendorf Community School District, Appellees.**

**No. 63170.**

Supreme Court of Iowa.

Oct. 17, 1979.

James L. Sayre, of Dreher, Wilson, Adams & Jensen, Des Moines, for appellant.

Donald L. Sitz, of Lane & Waterman, Davenport, for appellees.

Considered by REES, P. J., and HARRIS, McCORMICK, ALLBEE and McGIVERIN, JJ.

REES, Presiding Justice.

We are confronted in this appeal with issues, both statutory and constitutional, arising from the nonrenewal of a nonprobationary teacher's contract under section 279.13, et seq., The Code 1977, due to the teacher's having attained the age of 65 years. Following a hearing the board of education of the Bettendorf Community School District (hereinafter "board") concluded that their mandatory retirement policy, number 403.1 which required the retirement of all employees on the first day of July following the employee's 65th birthday, constituted "just cause" under § 279.15 to terminate the contract of Margaret De-Shon, who had taught in the school district for some 19 years.

Mrs. DeShon then made a timely appeal of the board's decision to an adjudicator, pursuant to § 279.17, who affirmed the board's decision on August 16, 1978. As was her prerogative under § 279.18, Mrs. DeShon rejected the adjudicator's decision and petitioned the district court for review of the decisions of the school board and the adjudicator. The district court affirmed the termination of the petitioner, from which ruling Mrs. DeShon appeals. We affirm.

The following issues are presented for review:

(1) Does the mandatory retirement policy of the school board provide an adequate basis for finding "just cause" for termination under § 279.15?

(2) Were the decisions of the school board and the adjudicator unreasonable, arbitrary or capricious or characterized by an abuse of discretion?

(3) Is the school district's mandatory retirement policy violative of the equal protection clause of the fourteenth amendment to the United States Constitution and article 1, section 6, of the Iowa Constitution?

I. We set forth recently the scope of our review from a ruling of the district court in the § 279.18 context in *Board of Education of Fort Madison Community School District*

*v. Youel*, 282 N.W.2d 677 (Iowa 1979). Our review, like that of the district court, is limited to the grounds listed in that section. In *Youel* we said: "[W]e review the record in the manner specified in § 279.18 and make anew the judicial determinations specified in that section." *Youel*, 282 N.W.2d at 679.

Initially, we note that the aforementioned issues correlate most closely with subsections (1) and (7) of § 279.18; subsection (1) involving alleged violations of statutory and constitutional provisions, and subsection (7) permitting review of allegedly arbitrary terminations or actions.

Before discussing our resolution of the issues, we further note that should we find there to have been "just cause" for the termination of Mrs. DeShon's employment, such a conclusion obviates any need for discussion of whether the board's action was arbitrary or capricious.

II. We must first determine whether the grounds asserted by the board for the termination of Mrs. DeShon's contract constitute "just cause" within the meaning of § 279.15, which provides in relevant part: "The notification and recommendation to terminate shall contain a short and plain statement of the reasons, which shall be for just cause, why the recommendation is being made."

The notice sent to Mrs. DeShon by the superintendent of schools stated that the district's mandatory retirement policy was the basis for recommending that her contract be not renewed. The evidence at the hearing before the board was to "be limited to the specific reasons stated in the superintendent's notice of recommendation of termination." Section 279.16. Thus the sole determination for the board was whether the attainment of their mandatory retirement age constituted "just cause".

Following testimony by the superintendent of schools that the mandatory retirement policy was necessary for administrative planning—to plan recruitment, to maintain a mixture of younger and more experienced teachers, to permit staff reductions during times of declining enrollment and to generally promote a high perform-

ance level—the board concluded that "just cause" for the termination of plaintiff's employment did exist. At no time was the individual competence of Mrs. DeShon brought into question; the record indicates her performance to have been most satisfactory. Our function, as the final arbiter of questions of statutory construction, is to determine whether the board acted within the permissible scope of § 279.15 in finding "just cause" on these facts.

The plaintiff contends we should construe the "just cause" language of § 279.15 no differently from the manner in which we have construed the "just cause" terminology of § 279.27. In *Johnston v. Marion Independent School District*, 275 N.W.2d 215, 216 (Iowa 1979), we held that the age of a teacher alone was not "good cause" under § 279.24, The Code 1973 (now § 279.-27, The Code 1979), for a midyear termination, limiting "good cause" in that context to reasons attributable to the teacher's conduct. In response, the board contends that § 279.13, et seq., provides an orderly means of implementing its policy on mandatory retirement, claiming support for its policy from § 97B.45, The Code 1977 (the Iowa Public Employee's Retirement System chapter), which states that a member's normal retirement age shall be 65 years, and further provides that "notwithstanding the provisions of this section and section 97B.46, an employer may adopt policies which prescribe retirement at an age not less than sixty-five years." Such a statutory authorization, it contends, must be equated with "just cause" for an end of the school year termination under § 279.13, et seq. We find merit in the board's position.

Were we to find *Johnston* dispositive and fully equate "just cause" of § 279.15 with "just cause" under § 279.27, we would be ignoring a line of cases in which we have recognized the different purposes underlying the distinct termination procedures established in chapter 279. *See Youel*, 282 N.W.2d at 680; *Briggs v. Board of Directors of the Hinton Comm. School Dist.*, 282 N.W.2d 740, 743 (Iowa 1979); *Hagarty v. Dysart-Geneseo Comm. School Dist.*, 282 N.W.2d 92 (Iowa 1979); *Hartman v. Merged Area VI Comm. College*, 270

N.W.2d 822, 828–29 (Iowa 1978); *Ramey v. Des Moines Area Comm. College*, 216 N.W.2d 345, 348 (Iowa 1974); *Miner v. Lovilia Ind. School Dist.*, 212 Iowa 973, 979, 234 N.W. 817, 819 (1931). These differences were elaborated upon in *Ramey*, 216 N.W.2d at 348:

> Section 279.24 provides for the summary discharge of teachers for "incompetency, inattention to duty, partiality, or any good cause." It presupposes an inability of the teacher to complete teaching services. Section 279.13 (automatic continuation) has a completely different purpose. Its aim is to provide for a comparative permanence in teaching positions, unless either of the parties decide and notify the other of a termination. Its aim is to allow both the school and teacher time to plan ahead if there is to be an end of the employment. It was drafted with ordinary school years in mind.

A similar discussion in found in *Hartman*, 270 N.W.2d at 828–29.

These varying purposes have caused us to recently hold that the "just cause" termination standard under § 279.15 includes "legitimate reasons relating to the district's personnel and budgetary requirements", *Youel*, 282 N.W.2d at 680; *see also Hagarty*, 282 N.W.2d at 97, as well as the teacher conduct grounds which are shared with § 279.27. Thus while declining enrollment or economic necessity, because of their predictability, do not constitute "good cause" for termination under § 279.24, *see Hartman*, they may provide "just causes" for termination pursuant to § 279.15, *see Hagarty*. Therefore, our prior determination in *Johnston* is not dispositive. We must decide whether reaching the school district's mandatory retirement age is a legitimate reason "relating to the school district's personnel and budgetary requirements."

■ In the light of the legislative support for the school board's policy found in § 97B.45 covering all employees of the state and its subdivisions, and establishing the normal retirement age to be 65 years, and the rationale for such a policy as evidenced by the aforementioned testimony of the superintendent of schools, we conclude that there existed just cause for the termination of Mrs. DeShon's contract under § 279.15. The policy is clearly interrelated with the personnel needs of the school district. The statutorily authorized policy and the procedure prescribed in § 279.13, et seq., combine to provide a means of contract termination which allows both the school district and the teacher to plan for their future needs while incorporating the safeguards of the review procedure. An opinion consistent with our result is found in (1973–1974) *Iowa Atty. Gen. Biennial Rep.* 322.

To hold otherwise would be to deny school districts any means of enforcing their retirement policies which the legislature has authorized. Consistency with statutory authorizations and limitations has been found to be of great import by other courts when evaluating the validity of school district retirement policies. *See Cole v. Town of Hartford School Dist.*, 131 Vt. 464, 468–69, 306 A.2d 101, 104 (1973); *Abshire v. School Dist. No. 1*, 124 Mont. 244, 245–46, 220 P.2d 1058, 1060 (1950).

We hold that the mandatory retirement policy of the school board provides an adequate basis to establish "just cause" for termination of a teacher's contract under § 279.15. In so holding we place considerable emphasis on the legislative authorization of the policy and the appropriate nature of the § 279.13, et seq., year-end termination procedure for implementing such a policy. Thus both school districts and teachers may be apprised of their future needs and plan accordingly.

■ As we find just cause for termination, it follows that the nonrenewal of petitioner's contract was not arbitrary or an abuse of discretion. We therefore address the remaining issue.

■ III. Plaintiff next contends the mandatory retirement policy of the school board denies her equal protection of the law under both the United States and Iowa Constitutions. We recently had occasion to set forth the relevant standards for reviewing such a challenge in *Hawkins v. Preisser*, 264 N.W.2d 726, 729 (Iowa 1978). Relying on *Massachusetts v. Murgia*, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524 (1976) and *Lunday v. Vogelmann*, 213

N.W.2d 904, 907 (Iowa 1973), we concluded that no fundamental right or suspect classification was involved in a challenge to the mandatory retirement policies permitted by §§ 97B.45 and 97B.46, and that a rational basis analysis was appropriate. The parties are agreed that such a standard is appropriate here. To show a violation of equal protection, the challenging party must show there is no reasonable basis for the classification in the policy. *Dickinson v. Porter*, 240 Iowa 393, 399–400, 35 N.W.2d 66, 71 (1949).

We conclude that a rational basis does exist for the school board's mandatory retirement policy, as evidenced by the justification given by the superintendent at plaintiff's hearing before the school board. The policy allows the school district to plan for its administrative needs, to plan recruitment, to maintain a mixture of younger and more experienced teachers, thus incorporating newer ideas and theories of education, and to generally promote a high level of performance. *See also Hawkins v. Preisser*, 264 N.W.2d at 729–30. The policy of the board does bear a rational relationship to the valid government interests of maintaining the quality of public education and regulating public employment. The existence of a rational basis is further indicated by the language of § 97B.2 which states the purpose of the chapter pursuant to which the board's policy was promulgated:

> The purpose of this chapter is to promote economy and efficiency in the public service by providing an orderly means whereby employees who become superannuated may, without hardship or prejudice, be replaced by more capable employees, and to that end providing a retirement system which will provide for the payment of annuities to public employees, thereby enabling the employees to care for themselves in retirement, and which by its provisions will improve public employment within the state, reduce excessive personnel turnover and offer suitable attraction to high-grade men and women to enter public service in the state.

Mrs. DeShon places primary reliance on the case of *Gault v. Garrison*, 569 F.2d 993 (7th Cir. 1977). In *Gault*, the termination of a teacher's employment pursuant to the local board's mandatory retirement policy was found to violate equal protection due to the fact that the record failed to disclose an "identifiable state purpose" for the termination of tenure. At the trial level, the case had been dismissed soon after it was filed, no evidence having been taken. The case was remanded for further proceedings. Here, unlike *Gault*, the present record does suffice to show the requisite legitimate state purpose and the existence of a rational relationship between policy in question and the achievement of that purpose.

The plaintiff claims that the mandatory retirement policy is not necessary to provide quality education in an efficient and economic manner. Her argument ignores the standard of review, viz., a rational basis, not a logical necessity, is all that need be shown.

Other courts in evaluating equal protection challenges to the mandatory retirement policies of school districts have reached a common result in favor of the policy. *Palmer v. Ticcione*, 433 F.Supp. 653, 655 (E.D.N.Y.1977), *aff'd* 576 F.2d 249 (2nd Cir. 1978); *Kennedy v. Comm. Unit School Dist. No. 7*, 23 Ill.App.3d 382, 385, 319 N.E.2d 243, 246 (1974); *Harren v. Middle Island Central School Dist. No. 12*, 49 A.D.2d 879, 373 N.Y.S.2d 20 (1975); *see also Lewis v. Tuscon School District No. 1*, 23 Ariz.App. 154, 531 P.2d 199 (1975); *Frantz v. Baldwin-Whitehall School Dist.*, 460 Pa. 192, 331 A.2d 484 (1975).

IV. In conclusion, we hold (1) that the attainment of the mandatory retirement age set by school district policy and authorized by § 97B.45 constitutes just cause for termination of a teacher's contract under §§ 279.13, et seq., and (2) the aforementioned policy is not violative of equal protection of the laws under either the United States or Iowa Constitutions. We therefore affirm the trial court.

AFFIRMED.