■ In the Matter of GLORIA ACOSTA, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated May 4, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's public assistance grant in order to recoup overpayments caused by her willful failure to report the receipt of unemployment insurance benefits. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to return to petitioner the amounts withheld from her grant. The State commissioner's determination must be annulled as the record contains no evidence that petitioner was notified that she must report changes in income or resources which might affect the amount of the grant of public assistance (18 NYCRR 352.31 [d] [2] [3]; 45 CFR 233.20 [a] [12] [i]; *Matter of Curry v Blum,* 73 AD2d 965; *Matter of Rivera v Dumpson,* 54 AD2d 646). Lazer, J.P., Mangano, Cohalan and Margett, JJ., concur.

■ In the Matter of HOWARD BAYLIS, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner as a special education teacher and to expunge an "unsatisfactory" rating from his employment records, the appeal is from a judgment of the Supreme Court, Kings County, dated April 11, 1980, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Petitioner's central contention on appeal is that his "unsatisfactory" rating and discontinuance as a probationary special education teacher were not preceded by inspection of his work and consultation with him by an assistant superintendent or her supervisory designee, as required by section 41 (subd 3, par [e]) of the by-laws of the Board of Education of the City of New York (see *Matter of Longarzo v Anker,* 49 AD2d 879). Our examination of the record supports the conclusion of Special Term that "there were numerous observations and consultations" by the appropriate supervisory designees. Accordingly, the petition was properly dismissed. Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.