[No. 4437–II.   Division Two.   June 8, 1981.]

J. T. ADAMS, ET AL, *Appellants,* v. CLOVER PARK
SCHOOL DISTRICT NO. 400, ET AL,
*Respondents.*

524

*Richard K. Wilson,* for appellants.

*Bruce W. Cohoe,* for respondents.

REED, C.J.—Joseph T. Adams was employed by the Clover Park School District as a welding instructor during the 1977–78 school year. On May 15, 1978, the District sent Adams a letter notifying him that his contract would not be renewed for the 1978–79 school year because he had attained the age of 65 during the 1977–78 fiscal year. The letter read in part:

Pursuant to law, the Superintendent of Schools for the Clover Park School District #400, Pierce County, Wash-

ington has determined that there is probable cause to nonrenew your teaching contract for the 1978–79 school year for the following reason:

You have reached the age of 65 during the 1977–78 fiscal year.

In accordance with the agreement between the Clover Park School District and the Clover Park Education Association and Board Policy 5260, employees are required to retire at the end of the fiscal year in which they reach age 65.

Therefore, you are notified that your contract for services as a teacher by and between you and the Clover Park School District will not be renewed for the 1978–79 school year.

Adams sought review of the District's decision as provided by RCW 28A.58.455–.480. The case was presented to the hearing officer on stipulated facts wherein the parties agreed that Adams' contract was not renewed solely because of his age and that his qualifications and performance as an instructor were not at issue. The hearing officer held that the District's mandatory retirement policy violated no federal or state law in existence at the time of the nonrenewal and affirmed the District's "nonrenewal" decision.[1] Adams appealed the hearing officer's decision to the Pierce County Superior Court, which affirmed. Hence, this appeal.

The sole issue on appeal is whether the School District's mandatory retirement policy violates the state's continuing contract law. RCW 28A.67.070. Put another way, it is whether such a policy constitutes "sufficient cause" not to renew a teacher's contract, completely apart from the teacher's ability to perform. Both parties agree that the question of what constitutes "sufficient cause" for nonrenewal is one of law. Accordingly, we conduct our own independent review of the record in making our determination. *Cf. Sargent v. Selah School Dist. 119,* 23 Wn. App. 916, 599

---

[1] Adams has abandoned any previous contentions that the policy is discriminatory under either state or federal law or is violative of his constitutional rights to equal protection of the law.

P.2d 25 (1979) (a discharge case involving mixed fact and law).

Under Washington's continuing contract law, a teacher's contract can be terminated by his employer in one of two ways: the teacher can be discharged during the term of the contract under RCW 28A.58.450 or the district can elect not to renew the contract under RCW 28A.67.070. RCW 28A.58.450 provides in pertinent part:

> In the event it is determined that there is probable cause or causes for a teacher, principal, supervisor, superintendent, or other certificated employee, holding a position as such with the school district, hereinafter referred to as "employee", to be discharged or otherwise adversely affected in his or her contract status, such employee shall be notified in writing of that decision, which notification shall specify the probable cause or causes for such action. Such determinations of probable cause for certificated employees, other than the superintendent, shall be made by the superintendent. Such notices shall be served upon that employee personally, or by certified or registered mail, or by leaving a copy of the notice at the house of his or her usual abode with some person of suitable age and discretion then resident therein. Every such employee so notified, at his or her request made in writing and filed with the president, chairman of the board or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for a hearing pursuant to RCW 28A.58.455 to determine whether or not there is *sufficient cause or causes for his or her discharge* or other adverse action against his contract status.

(Italics ours.) RCW 28A.67.070 provides in relevant part:

> In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, which notification shall specify the cause or causes for nonrenewal of contract. . . . Every such employee so notified, at his or her request made in writing and filed with the president, chairman or secretary of the board of directors of the

district within ten days after receiving such notice, shall be granted opportunity for hearing pursuant to RCW 28A.58.455 to determine whether there is *sufficient cause or causes for nonrenewal of contract.*

(Italics ours.) Neither statute defines the phrase "sufficient cause."

By establishing two methods for terminating a teacher's employment, the legislature has evidenced its intent to treat discharges and "nonrenewals" differently. What may be "sufficient cause" not to renew a contract may not be sufficient cause to discharge an employee. *Barnes v. Seattle School Dist. 1,* 88 Wn.2d 483, 563 P.2d 199 (1977). A teacher may be discharged upon a showing that he has engaged in conduct adversely affecting his efficiency or performance or where his conduct is in some respect substandard. *Id.* Teachers have been discharged under RCW 28A.58.450 for immoral conduct, *Gaylord v. Tacoma School Dist. 10,* 88 Wn.2d 286, 559 P.2d 1340 (1977); excessive drinking, *Hunter v. Board of Directors,* 14 Wn. App. 177, 536 P.2d 1209 (1975); and unacceptable disciplinary practices, *Sargent v. Selah School Dist. 119, supra.* A teacher cannot be discharged under RCW 28A.58-.450 because of a district's financial adversities although the same considerations may be sufficient cause for not renewing his contract. *Barnes v. Seattle School Dist. 1, supra; Robel v. Highline Public Schools, Dist. 401,* 65 Wn.2d 477, 398 P.2d 1 (1965). The hearing statute, RCW 28A.58.455, applies to both nonrenewals and discharges.

Clover Park School District adopted its mandatory retirement policy (Board Policy 5260) in 1963. The policy provides:

An employee's retirement from District employ shall be mandatory at the close of the fiscal year in which the employee reaches a 65th birthdate unless otherwise required by State and/or Federal law.

The Washington courts have not specifically ruled on whether attainment of the age specified in a mandatory retirement policy constitutes "sufficient cause" for not

renewing a teacher's contract. The only Washington case discussing the issue is *Tondevold v. Blaine School Dist. 503,* 91 Wn.2d 632, 590 P.2d 1268 (1979). In *Tondevold,* the school district notified plaintiff that her teaching contract would not be renewed because she had reached the age specified in the district's mandatory retirement policy. Plaintiff sought review of the district's decision, and on appeal the Superior Court found that the district had abandoned its mandatory retirement policy.[2] Because the policy had been abandoned, the Supreme Court held that the district acted unlawfully in failing to renew plaintiff's contract. Such a ruling made it unnecessary for the Supreme Court to decide whether the attainment of the age specified in a mandatory retirement policy constituted "sufficient cause" for nonrenewal under RCW 28A.67.070.

Two other jurisdictions have considered the question. The Supreme Court of Iowa ruled that, although the attainment of a mandatory retirement age is not "just cause" to discharge an employee in midcontract, it is "just cause" not to renew a teacher's contract. *See DeShon v. Bettendorf Community School Dist.,* 284 N.W.2d 329 (Iowa 1979), and *Johnston v. Marion Independent School Dist.,* 275 N.W.2d 215 (Iowa 1979).

Iowa, like Washington, distinguishes between discharges and nonrenewals. As the court stated in *DeShon:*

> Section 279.24 provides for the summary discharge of teachers for "incompetency, inattention to duty, partiality, or any good cause." It presupposes an inability of the teacher to complete teaching services. Section 279.13 (automatic continuation) has a completely different purpose. Its aim is to provide for a comparative permanence in teaching positions, unless either of the parties decide and notify the other of a termination. Its aim is to allow both the school and teacher time to

---

[2]Although the nonrenewal letter sent to Mr. Adams refers to an existing collective bargaining agreement, the parties stipulated and the hearing officer found that there was no collective bargaining agreement covering defendant's employment in existence at the time the School District acted not to renew defendant's continuing contract.

plan ahead if there is to be an end of the employment. It was drafted with ordinary school years in mind.

*DeShon,* 284 N.W.2d at 332, citing *Ramey v. Des Moines Area Community College,* 216 N.W.2d 345, 348 (Iowa 1974). Commenting on the different purposes of the two statutes, the court stated:

> These varying purposes have caused us to recently hold that the "just cause" termination standard under § 279.15 includes "legitimate reasons relating to the district's personnel and budgetary requirements", as well as the teacher conduct grounds which are shared with § 279.27. Thus while declining enrollment or economic necessity, because of their predictability, do not constitute "good cause" for termination under § 279.24, they may provide "just causes" for termination pursuant to § 279.15 . . .

(Citations omitted.) *DeShon,* 284 N.W.2d at 332, citing *Hartman v. Merged Area VI Community College,* 270 N.W.2d 822, 828–29 (Iowa 1978). The *DeShon* court went on to hold that the mandatory retirement policy in question was clearly interrelated to the personnel needs of the school district. The court found that the mandatory retirement policy

> was necessary for administrative planning—to plan recruitment, to maintain a mixture of younger and more experienced teachers, to permit staff reductions during times of declining enrollment and to generally promote a high performance level . . .

*DeShon,* 284 N.W.2d at 331. Accordingly, the court held that such a policy provided just cause not to renew a teacher's contract.

The United States District Court for the Northern District of Georgia has reached a contrary result in *Davis v. Griffin–Spalding County Bd. of Educ.,* 445 F. Supp. 1048 (N.D. Ga. 1975). In *Davis* the court upset a teacher's forced retirement at age 65 on the grounds that Georgia law barred local school boards from setting a mandatory retirement age lower than age 70. *Davis,* 445 F. Supp. at 1053. Only in dicta did the court note that the district's blanket

retirement policy effectively relieved the school board from furnishing a "good and sufficient cause" for failing to renew a teacher's contract. The court stated:

> The board's decision cannot be challenged because it is not based on an individualized determination that the teacher should not be offered reemployment. In this situation the notice, hearing and appeal procedures mandated by the statute are superfluous and the board's decision, based solely on a blanket policy, is, in reality, unreviewable. It is precisely because this regulation bypasses the board's responsibility of making a decision in each case of "good and sufficient cause" that it conflicts with statutory requirements.

*Davis,* 445 F. Supp. at 1053.

We do not find persuasive the argument made by the *Davis* court. Although RCW 28A.58.455 grants teachers receiving nonrenewal notices individualized hearings to determine whether there is sufficient cause not to renew their contract, it does not guarantee teachers the right in all cases to an individualized hearing on their fitness to teach.

The determination of educational goals, programs and curricula is a matter within the broad discretion of the school board. *See generally* RCW 28A.58. *See also Peters v. South Kitsap School Dist. 402,* 8 Wn. App. 809, 509 P.2d 67 (1973). To establish these goals or to meet the financial conditions of the district, the board may add or eliminate teaching positions. *Id.* An individual teacher has no rights as respects these decisions. A teacher does, however, have certain rights in regard to the filling of the positions authorized by the school board. A district must promulgate and use specific criteria in filling available positions. *Peters v. South Kitsap School Dist. 402, supra.* The criteria selected must be reasonably related to the goals, programs and curricula previously established by the district. Individual teachers may challenge a decision not to renew which is inconsistent with such policies.

██ ██ As noted above, a district can elect not to renew a teacher's contract either because the teacher's performance or conduct does not meet the standards established by the

school district or because termination is required for administrative reasons. Although in both types of cases the teacher is entitled to a hearing, the scope of the hearing will depend on the reason given for not renewing. When the reason for not renewing is the teacher's performance or conduct, the teacher is entitled to a hearing to determine his fitness to teach. Where, however, the reasons for not renewing are budgetary cuts or declining enrollment, a teacher is not entitled to a hearing to determine his fitness to teach. In such cases the only issues that can be raised at a hearing are whether the decision not to renew is made pursuant to a reasonable district policy and whether the policy is being uniformly and properly applied. A decision not to renew because a teacher has attained the age specified in a mandatory retirement policy falls within this second category.

In this case, Adams did not challenge the reasonableness of the District's mandatory retirement policy. He simply alleged that such a policy did not establish "sufficient cause" for nonrenewal. Administrative policies adopted pursuant to a specific legislative delegation are presumed to be valid. *See Washington Water Power Co. v. State Human Rights Comm'n*, 91 Wn.2d 62, 586 P.2d 1149 (1978); *State v. Byrd*, 29 Wn. App. 339, 628 P.2d 504 (1981). Consequently, the District was not required to prove the reasonableness of its mandatory retirement policy unless evidence was presented putting the reasonableness of the policy into issue. *Id.* Adams did not offer any evidence indicating that the District's policy was not reasonably related to its administrative policies or personnel needs.

Relying on such presumption, we find that the District's mandatory retirement policy was reasonably related to the goals, programs and curricula of the District and hold that such a policy, like policies governing nonrenewals because of budgetary concerns or declining enrollments, provides sufficient cause under RCW 28A.67.070 not to renew the

contract of a teacher.[3] The decision of the Superior Court is, therefore, affirmed.

PETRIE and PETRICH, JJ., concur.

---

[3]RCW 41.04.350, enacted in 1979, now prohibits mandatory retirement prior to age 70 for employees of the State or any of its political subdivisions.